**Dissenting Opinion filed September 22, 2025.**



In The

# Fifteenth Court of Appeals

---

### NO. 15-24-00058-CV

---

### ENGIE IR HOLDINGS LLC AND HAMLIN COLLEGIATE INDEPENDENT SCHOOL DISTRICT, Appellants

### V.

### KELLY HANCOCK, ACTING TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, Appellee

---

**On Appeal from the 39th District Court
Stonewall County, Texas
Trial Court Cause No. 4764**

---

### DISSENTING OPINION

ENGIE IR and the School District filed a lawsuit against the Comptroller for declarations that the Comptroller had no legal authority to withdraw the certificate of limitation after the cut-off date, and thus acted ultra vires. Appellants argued that the Comptroller's authority to withdraw the certificate had expired on December 14, 2022, because the Comptroller did not amend or withdraw the certificate within the

20-business-day period under Rule 9.1055(e)(2), and that his authority certainly expired by December 31, 2022, when Chapter 313 expired. The Comptroller filed a plea to the jurisdiction arguing that sovereign immunity bars Appellants' suit because Appellants did not allege a viable ultra vires claim.

"An *ultra vires* claim based on actions taken 'without legal authority' has two fundamental components: (1) authority giving the official some (but not absolute) discretion to act and (2) conduct outside of that authority." *Hall v. McRaven*, 508 S.W.3d 232, 239 (Tex. 2017). The governing rule stated as follows:

(e) Action after agreement review. *No later than 20 business days after receiving an agreement for limitation on appraised value acceptable to an applicant*, the comptroller:

(1) shall review the agreement for:

(A) compliance with Tax Code, Chapter 313, and this subchapter; and

(B) consistency with the application submitted to the comptroller and as amended or supplemented;

(2) may *amend or withdraw the comptroller certificate* for a limitation if the comptroller determines that the agreement as submitted by the applicant does not comply with Tax Code, Chapter 313 or this subchapter or that the agreement contains provisions that are not consistent with or represents information significantly different from that presented in the application as submitted to the comptroller; and

(3) provide written notification to the school district of the actions taken under this subsection.

34 Tex. Admin. Code § 9.1055(e) (emphasis added).

This rule directed that if the Comptroller determined that the draft agreement submitted did not comply with Chapter 313 or was inconsistent with the application

2

the Comptroller had certified, he could—"[n]o later than 20 business days after receiving an agreement"—"amend or withdraw the comptroller certificate." 34 Tex. Admin. Code § 9.1055(e). I would hold that Appellants have stated a viable ultra vires claim by seeking a declaration that the Comptroller lacked authority to withdraw the Certificate after the deadline to do so expired. *See* 34 Tex. Admin. Code § 9.1055(e); *Tex. Tel. Ass'n v. Pub. Util. Comm'n of Tex.*, 653 S.W.3d 227, 254 (Tex. App.—Austin 2022, no pet.) (holding that Public Utility Commission commissioners acted ultra vires based upon non-compliance with a rule).

In my view, the question whether authority existed to withdraw the Certificate is a separate question from whether the Certificate was invalid *ab initio* for the reasons advanced by the Comptroller. The Comptroller is free to seek a declaratory judgment on the question of Certificate validity. The question before us is whether Appellants stated a viable ultra vires claim based upon the late withdrawal of the Certificate. Based upon the plain language of the rule, I would conclude that the Appellants have carried their burden of demonstrating the trial court's jurisdiction.

/s/ April Farris
April Farris
Justice

Before Chief Justice Brister and Justices Field and Farris (Brister, C.J., majority).

3